KRISTINA S. HOLMAN
Nevada State Bar No: 3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
Attorney for Plaintiff,
ROSEMARIE LUCAS

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARIE LUCAS,<br><br>        Plaintiff,<br><br>vs.<br><br>PARBALL CORPORATION d/b/a BALLY'S LAS VEGAS, a Nevada corporation; HARRAH'S ENTERTAIN-MENT, INC. a Nevada corporation; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **PLAINTIFF'S COMPLAINT**<br>**(Jury Demanded)** |

COMES NOW PLAINTIFF, ROSEMARIE LUCAS, and complains of Defendants PARBALL CORPORATION d/b/a BALLY'S LAS VEGAS (hereinafter "Defendant" and/or "Bally's") and HARRAH'S ENTERTAINMENT, INC. (hereinafter "Defendant" and/or "Harrah's Entertainment"), as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Rosemarie Lucas. This action comes under a variety of state and federal statutes prohibiting age discrimination and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2.      Plaintiff's ("Ms. Lucas," and/or "Plaintiff") statutory claims arise under Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621

1   *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor

2   Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* The Plaintiff, a 56-year-old female, asserts

3   she was treated differently and terminated from her employment because of her age.

4        3.    This action includes claims arising under the laws of the State of Nevada which are joined

5   pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a). Ms. Lucas, the Plaintiff,

6   asserts she was harassed, treated differently and suspended and ultimately terminated from her

7   employment because of her age.

8        4.    Ms. Lucas filed her Charge of Discrimination with the Nevada Equal Rights Commission

9   (NERC) and the U.S. Equal Employment Opportunity Commission (EEOC) and signed her Charge of

10   Discrimination on October 4, 2007, a copy of which is attached hereto as Exhibit "A" and incorporated

11   herein by reference. Ms. Lucas received a copy of the "Right to Sue" notice dated October 21, 2008

12   based upon the Charge, and therefore fulfilled all jurisdictional requirements for the filing of this suit.

13        5.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because the

14   claimed unlawful employment practices were committed in and arose in the District of Nevada.

15                                      **THE PARTIES**

16        6.    Plaintiff Ms. Lucas, at all times relevant to this Complaint, is a resident of Clark County,

17   Nevada and at all times herein was employed by Defendant Bally's from  July 21, 1989 through

18   September 22, 2007.

19        7.    Defendants Bally's is an employer within the meaning of the Age Discrimination in

20   Employment Act of 1967 (ADEA), as amended. Bally's was engaged in an industry affecting commerce

21   and/or in the production of goods for commerce. Bally's is licensed to do business in Clark County,

22   Nevada, and the unlawful employment practices stated below were committed within the State of

23   Nevada.

24        8.    Defendant Harrah's Entertainment, upon information and belief, owns Defendant Bally's

25   and is therefore included herein as an employer within the meaning of the Age Discrimination in

26   Employment Act of 1967 (ADEA), as amended. Defendant Harrah's Entertainment, as owner of

27   Defendant Bally's, at all times mentioned herein, is included in all facts and claims against Defendant

28   Bally's.

9.     As an employer in Nevada with over 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, Defendant Bally's is required to comply with all state and federal statutes which prohibit harassment, discrimination and retaliation because of age.

10.     DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants, or who may be individual officers or employees of the named Defendants. The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for the damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

### FACTS

11.     Plaintiff Ms. Lucas was hired by Bally's almost 20 years ago, on or about July 21, 1989, as a valet parking attendant. Throughout the duration of her employment, she received many positive evaluations, awards and commendations, as well as many positive customer comments.

12.     In or around the end of 2005, Paul Villardo was transferred to Bally's to serve as the Director of Front Services and became Plaintiff Ms. Lucas' manager. Ms. Lucas states that she overheard him make comments to the effect that he was going to weed out the "old timers" (Ms. Lucas was 53 years old at the time) and bring in his own people. At that time, three long-time employees who were eligible to retire did so.

13.     In or around May 2006, the CSA bonus checks were to be given out to employees. Mr. Villardo called Plaintiff Ms. Lucas into his office and informed her that she was not going to receive her bonus check based upon an old warning notice that remained in her file. Plaintiff Ms. Lucas looked into this issue and found that Mr. Villardo's refusal to provide her with a bonus check was in direct violation of company policy as outlined in the Employee Handbook, and after seven weeks of pursuing the issue with upper management, Ms. Lucas finally did indeed receive her bonus check.

14.     In or about April 2007, Plaintiff Ms. Lucas was informed by a co-worker that Mr. Villardo was asking some of her co-workers to file negative written statements about her, with the intention of initiating her termination. Only two of her co-workers complied. Mr. Villardo also gave Plaintiff Ms. Lucas written notices for the following alleged "infractions," while many of her co-workers who had committed the same "infractions," were either given a simple verbal warning or no discipline whatsoever:

    (a)    Using the company telephone (Human Resources retracted this notice and removed it from her file);

    (b)    Not clocking in properly:

        (1) Ms. Lucas informed Mr. Villardo's assistant that there was a mechanical problem with the time clock.

        (2) Mr. Villardo's assistant told Ms. Lucas that 25 other employees with the same problem with the time clock were just going to receive verbal warnings whereas she would be given a written warning.

        (3) Mr. Villardo's assistant told a bellperson that he (the assistant) would throw away the verbal warning concerning the time clock if she would bake him cookies. She baked the cookies and no verbal warning was given.

    ( c)    Being present in the time clock area before her allowed clock-out time.

15.     In or about May 2007, a meeting was conducted for almost an hour with Human Resources representative Dana Prochnow, Teamster's Union representative Debra Miller, Mr. Villardo, and Ms. Lucas regarding items 14 (b) and ( c) above. Ms. Lucas states that Ms. Prochnow did not seem interested in any information provided by Ms. Lucas or the Union and even yelled at Ms. Lucas and attacked her personally. She told Ms. Lucas that she (Ms. Prochnow) had personally heard from 90% of the front services employees, who either by email or telephone calls, stated that they didn't like her or and didn't like working with her.

16.     Plaintiff Ms. Lucas was totally shocked. As recently as September 2006, Bally's employees arranged a surprise birthday celebration at work for her that included food, barbeque, and presents. Plaintiff Ms. Lucas states that a full barbeque and presents had never been provided for any employee before, at least not in her department. Based upon that birthday party, as well as her years of successfully working with Bally's management and staff, Plaintiff Ms. Lucas had legitimate reason to believe she was well-liked and had never before received any such negative comments from co-workers.

17.     On May 22, 2007, Plaintiff Ms. Lucas was given a written warning regarding a cross-department shop which she allegedly failed. A grievance was filed. However, there was a hearing, but

1 | nothing further was done.

2 |      18.    In or around June 2007, Mr. Joshua Phillips, a co-worker valet attendant, set up a meeting
3 | with Ms. Robin Rivera (Vice President of Human Resources for Bally's, Rio and Paris) and several
4 | other co-workers including Plaintiff Ms. Lucas. The meeting lasted about 2 hours during which Plaintiff
5 | Ms. Lucas (who was then 55 years of age) reported Ms. Prochnow's verbal assault against her at the
6 | May 2007 meeting (see ¶15 above). Ms. Lucas claims that other Bally's employees complained about
7 | their supervisor, Mr. Villardo, and his assistant, Calvin Neeley. Although the complaints were generally
8 | about his poor management, unfairness, harassment, and not following rules, the complaints also
9 | included those of older co-workers about age discrimination and harassment. To the best of her
10 | knowledge, Plaintiff Ms. Lucas states that these complaints were never investigated nor were the
11 | problems resolved. The employees were never told anything of the result of that meeting. The
12 | problems, harassment and discrimination continued.

13 |      19.    On July 5, 2007, Plaintiff Ms. Lucas was suspended for another alleged cross-department
14 | shop. In violation of company policy and the union contract, she was not provided any type of hearing
15 | whatsoever and was never allowed to face the shopper. Again, a grievance was filed. Because the
16 | shopper could not be there that day, nothing further was done.

17 |      20.    On July 10, 2007, this suspension was changed to a final written warning. Again,
18 | Plaintiff Ms. Lucas was not allowed any type of hearing and to the best of her knowledge, no
19 | investigation was conducted.

20 |      21.    On September 19, 2007, Ms. Lucas was terminated for alleged "secret shopper" reports
21 | then reinstated on October 12, 2007, and then again, after more than 18 years of devoted service to
22 | Bally's, she was finally terminated from her employment on November 29, 2007. Again, to the best of
23 | her knowledge, no investigation was conducted and Plaintiff Ms. Lucas was never provided any type of
24 | hearing or allowed to face her shopper(s).

## FIRST CAUSE OF ACTION
### *Age Discrimination Under State and Federal*
### *Anti-Discrimination Statutes*

27 |      22.    Plaintiff Ms. Lucas, repleads and realleges and incorporates herein by reference each and
28 | every allegation contained in paragraphs 1 through 21 above as if fully set forth.

23.     Defendant Bally's was aware of the conduct of its management employees and/or employees in engaging in harassing and/or discriminatory conduct toward Plaintiff Ms. Lucas.

24.     Defendant Bally's, as employer, knew or should have known of its long-standing obligation to maintain a workplace free of harassment and discrimination based on age.

25.     Defendant Bally's failed to take reasonably adequate steps to prevent age discrimination in its workplace.

26.     Defendant Bally's failed to institute effective institutional policies to remedy complaints about conduct which might constitute harassment and discrimination based on age.

27.     Defendant Bally's discriminated against Plaintiff Ms. Lucas based on her age in that she was subjected to different terms and conditions of employment and thereafter was subjected to harassment and discrimination in the form of alleged employment performance deficiencies.

28.     Plaintiff Ms. Lucas has suffered serious mental distress as result of this unlawful discrimination.

29.     The above-described acts of Bally's are wanton, willful, malicious and done with a conscious disregard for Plaintiff Ms. Lucas' federally protected rights. Plaintiff Ms. Lucas has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

30.     It has been necessary for Plaintiff Ms. Lucas to retain the services of an attorney and she should be compensated therefor.

## SECOND CAUSE OF ACTION

### *Retaliation*

31.     Plaintiff Ms. Lucas, repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30 above as if fully set forth.

32.     After Plaintiff Ms. Lucas reported the acts of harassment and discrimination based on age, Defendant Bally's engaged in discriminatory and retaliatory conduct toward Plaintiff Ms. Lucas and thereafter suspended and terminated her employment.

33.     Defendant Bally's knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff Ms. Lucas and Bally's failed to do so.

34.     Defendant Bally's failed to take immediate corrective action when it learned that Plaintiff

6

1  Ms. Lucas had suffered acts of discrimination and retaliation by employees of Bally's.

2      35.    Plaintiff Ms. Lucas has suffered serious mental distress as result of this unlawful

3  discrimination.

4      36.    The above-described acts of Defendant Bally's are wanton, willful, malicious and done

5  with a conscious disregard for Plaintiff Ms. Lucas's federally protected rights. Plaintiff Ms. Lucas has

6  suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated

7  therefor.

8                    **THIRD CAUSE OF ACTION**

9                      ***Injunctive Relief***

10     37.    Plaintiff Ms. Lucas, repleads and realleges and incorporates herein by reference each

11  and every allegation contained in Paragraphs 1 through 36 above as if fully set forth.

12     38.    That pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Plaintiff Ms. Lucas seeks injunctive relief

13  requiring that Bally's reinstate her employment with full restoration of seniority and benefits; correct its

14  past discriminatory practices; and take appropriate steps to ensure that all employees are afforded a

15  workplace free of unlawful age discrimination.

16     39.    Plaintiff seeks injunctive relief from this Court requiring Bally's to take all steps

17  necessary to evaluate the existence of conduct in its workplace which might constitute discrimination

18  and institute effective educational and prevention programs to prevent or remedy conduct which might

19  constitute discrimination based on age and retaliation; and to take appropriate disciplinary action against

20  all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of age

21  discrimination against Plaintiff Ms. Lucas.

22     40.    The above-described acts of Defendant Bally's are wanton, willful, malicious and done

23  with a conscious disregard for Plaintiff Ms. Lucas's federally protected rights. Plaintiff Ms. Lucas has

24  suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated

25  therefor.

26                   **FOURTH CAUSE OF ACTION**

27                 ***Intentional Infliction of Emotional Distress***

28     41.    Plaintiff Ms. Lucas, repleads and realleges and incorporates herein by reference each and

7

1  every allegation contained in paragraphs 1 through 40 above as if fully set forth.

2      42.    The aforementioned actions of the Defendant Bally's, in addition to being illegal,

3  constitute extreme and outrageous conduct and were performed with the intent or reasonable knowledge

4  or reckless disregard that such actions would cause severe emotional harm and distress to Plaintiff Ms.

5  Lucas, and did in fact cause such harm.

6      43.    The other Defendants(Defendants Doe/Roe) authorized and/or ratified the conduct of

7  Defendants by failing to take measures to prevent further recurrences.

8      44.    The aforementioned conduct of the other Defendants is extreme and outrageous and was

9  performed with the intent or reasonable knowledge or reckless disregard that such actions would cause

10  severe emotional harm to the Plaintiff Ms. Lucas, and did in fact cause such harm.

11      45.    As a result, Plaintiff Ms. Lucas has suffered damages and she is entitled to recover

12  compensatory and punitive damages related thereto.

13      46.    It has been necessary for Plaintiff Ms. Lucas to retain the services of an attorney and she

14  should be compensated therefor.

15  **FIFTH CAUSE OF ACTION**

16  ***Negligent Infliction of Emotional Distress***

17      47.    Plaintiff Ms. Lucas, repleads and realleges and incorporates herein by reference each and

18  every allegation contained in paragraphs 1 through 46 above as if fully set forth.

19      48.    Defendant Bally's owed a duty to exercise due care not to subject Plaintiff Ms. Lucas to

20  foreseeable risk of mental, emotional, and/or physical injury, and Defendant Bally's knew or reasonably

21  should have known that such acts and/or omissions of Defendant Bally's as herein alleged, were likely

22  to result in mental, emotional and/or physical injury to Plaintiff Ms. Lucas.

23      49.    Defendant Bally's, while engaging in the aforementioned conduct, did negligently inflict

24  extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Plaintiff Ms.

25  Lucas.

26      50.    As a direct and proximate result of the Defendant Bally's' negligent infliction of such

27  emotional distress, Plaintiff Ms. Lucas has suffered damages and she is entitled to recover compensatory

28  damages and other damages related thereto.

51.     It has been necessary for Plaintiff Ms. Lucas to retain the services of an attorney and she should be compensated therefor.

WHEREFORE, Plaintiff Rosemarie Lucas prays for the following relief:

1.      A trial by jury on all issues;

2.      All employment-related losses including but not limited to back pay, front pay, benefits, and commissions subject to proof;

3.      All compensatory, special and general damages allowed by law;

4.      Injunctive relief, including reinstatement, as set forth above;

5.      Attorneys' fees and costs of suit incurred herein;

6.      Prejudgment interest;

7.      Punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct;  and

8.      For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 21st day of January, 2009.

By _____
KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
Attorney for Plaintiff,
ROSEMARIE LUCAS

# EXHIBIT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 1005-07-0668L |
| [X] EEOC | 34B-2008-00037 |

## Nevada Equal Rights Commission

State or local Agency, if any                                          and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Rosemarie Lucas** | ▓▓▓▓▓▓▓▓ | **09-18-1952** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **BALLY'S** | **500 or More** | **(702) 367-9572** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **3645 S. Las Vegas Boulevard** | **Las Vegas, NV 89109** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN | | Earliest: **09-21-2007**   Latest: **09-21-2007** |
| [X] RETALIATION   [X] AGE   [ ] DISABILITY   [ ] OTHER (Specify below.) | | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I was discriminated against due to my age, 55 and retaliated against. I was discharged. I filed my complaint with the Nevada Equal Rights Commission on September 25, 2007.

On or about July 21, 1989, I was hired and was employed as a Valet Parking Attendant. On or about September 19, 2007, I was suspended pending an investigation. My supervisor, Paul Villardo, stated that I had three secret shoppers on Labor Day weekend. I received one perfect shop and was given a $10 gift certificate and then was told that I failed the other two shops so I was suspended pending an investigation. On or about September 21, 2007, Mr. Villardo called me and told me I was discharged. Other younger Valet Parking Attendants failed their shops that weekend but were not discharged. For example, Mike Lasky failed three shops but was only counseled. I believe that my discharge was based on my age because Mr. Villardo made comments about weeding out the old time employees and bringing in new younger employees. I also believe that my discharge was retaliatory because in early June 2007, several co-workers and myself complained to HR about Mr. Villardo discriminating against older employees. The complaint to HR was never investigated or resolved.

I believe I am discriminated against due to my age and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Oct 04, 2007** *Rosemarie Lucas*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) *Rosemarie Lucas* |

I would also like to add that in June of 2007 approximately ten employee from the valet and bell departments arranged a meeting in the office of Robin Rivera, Vice President of Human Resources for Bally's, Paris and the Rio. The meeting was set up so the we could address our concerns about Mr. Vilardo with upper management. Many of the problems from both valet and the belldesk were discussed with her at this time.

We have also taken our concerns to Steve Opdyke, Vice President of Hotel Operations for Bally's and Paris. One of the valet parkers, Joshua Phillips, spent about 90 minutes in Mr. Opdyke's office with three officials from the Teamster's Union ( one from our local, one from California and one from Wisconsin) to discuss our concerns.